**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WOL HEE OH, an individual and JEE YEON JANG, an individual, | No. 11-55348 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-09849-ODW-JCG |
| v. | |
| WELLS FARGO BANK, NA, business entity unknown and CAL-WESTERN RECONVEYANCE CORPORATION, business entity unknown, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted June 5, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Plaintiffs Wol Hee Oh and Jee Yeon Yang brought suit in California

Superior Court, alleging that Defendant Wells Fargo Bank, N.A., impermissibly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

instituted non-judicial foreclosure proceedings without complying with the requirements of California Civil Code § 2923.5 and, derivatively, § 2924. Wells Fargo removed the case to the District Court for the Central District of California. The district court subsequently granted Wells Fargo's motion to dismiss, finding that Plaintiffs' claims were preempted by federal law.

Plaintiffs timely appealed to this court, but failed to request a stay of the foreclosure sale pending appeal. As a result, the foreclosure sale was completed on May 11, 2012.[1] Under California law, "the remedy for noncompliance [with section 2923.5] is a simple postponement of the foreclosure sale, nothing more." *Mabry v. Superior Court*, 110 Cal. Rptr. 3d 201, 204 (Ct. App. 2010). If a foreclosure sale has already occurred, section 2923.5 has no effect on the finality of that sale. *Id.* at 221. Because the foreclosure sale has been completed, Plaintiffs no longer have any potential remedy. We therefore dismiss Plaintiffs' appeal as moot. *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (A case is moot when there is no longer "a present controversy as to which effective relief can be granted." (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir.1993) (internal quotation marks omitted)).

---

[1]Wells Fargo's motion to take judicial notice of the foreclosure sale is granted.

The district court's order granting Wells Fargo's motion to dismiss, District Court Docket Item No. 20, is vacated. *See ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012).

The court expresses no opinion as to the merits of the jurisdiction or preemption issues raised in this appeal.

**The appeal is DISMISSED and the order below is VACATED.**